Mr. Justice MILLER,
dissenting.
I do not agree that when the State obtains a judgment on the taxes due her by regular proceedings in the courts, that the sale under that judgment is open to all the rigid rules which apply to tax sales made ex parte and without the aid of such judgment. The judgment in this case is not assailed by the court, and the sale under it is a judicial sale, and entitled to all the presumptions which the law makes in favor of a purchaser at such a sale.
*517 The law of California, while it required the sheriff to offer the smallest portion of the land which any one would take and pay the judgment and costs, undoubtedly contemplated that if no one would take any less than the whole of the land and pay the judgment and costs, that then it should be sold to the highest bidder. If this were not so, the State could not collect the taxes in half the cases, because the right of redemption left no inducement to bidders for a smaller amount than the whole.
It is, therefore, a fair presumption from the recital in the deed, that although the sheriff sold the land to the highest bidder, it was because no one would take less than the whole and pay the taxes and costs. And the recital that is made, as well as that which is omitted, are neither of them necessary to the validity of a deed made in a judicial sale.